BROWN v. MERCHANTS' MARINE INS. CO., Limited, et al.

(Circuit Court of Appeals, Ninth Circuit. February 12, 1906.)

No. 1,226.

1. ADMIRALTY—APPEAL—GROUNDS FOR DISMISSAL.
It is not ground for dismissal of an appeal in admiralty that an order substituting appellant for other parties in the suit, which was made and served before the expiration of the time for appeal, was not filed with the clerk until afterward.

2. SAME.
It is not ground for dismissal of an appeal in admiralty that the notice of appeal was not served on parties for whom appellant had been substituted by an order of the district court, and who make no claim that their interests are not represented by appellant.

3. SAME.
A motion to dismiss an appeal in admiralty calls in question the jurisdiction of the appellate court to deal with the subject-matter of the appeal, and it is not a ground for dismissal that the evidence on which the decree appealed from was rendered is not in the record.

Appeal from the District Court of the United States for the Western District of Washington.

On Motion to Dismiss Appeal.

The appellant, as the assignee of certain underwriters, who were intervenors in the cause in the court below, took his appeal from a decree of the court awarding $4,132.92 to the appellees. The said intervenors had, in August, 1898, issued policies of marine insurance on the steamship City of Kingston; the liabilities varying in amounts, the aggregate of which was $75,000. The appellees, who also intervened, had issued total loss open policies on the steamship for $12,200. About April 26, 1899, the Kingston came into collision with the steamship Glenogle, and became a total loss. The said intervenors, which had issued the policies first mentioned, and which will be designated the first intervenors, in this opinion, paid to the assured the said sum of $75,000, and made claim for the entire proceeds to be decreed in favor of the assured against the Glenogle for the loss resulting from the collision. The court determined the liabilities of the vessels, and, after the payment of the expenses of the suit, $47,426.97 of the damages awarded to the assured remained in the registry of the court. The greater portion of that sum was decreed to be paid to the first intervenors. Subsequently, on September 14, 1904 $4,132.92 was distributed to the appellees. The time for taking an appeal from that decree expired on March 14, 1905.

On March 13, 1905, a notice of appeal by the appellant, as such assignee, was served on the proctor for the appellees, and filed with the clerk of the District Court. At the same time there was served on the proctor for the appellees the order of the District Court substituting the appellant for the first intervenors, and a notice of such substitution. The appellees moved to dismiss the appeal, on the grounds: (1) that it was not taken in due time; (2) that the intervening insurance companies for which the appellant claimed to have been substituted did not assign their interests to the appellant; (3) that no notice of appeal was served on them; (4) that the order purporting to substitute the appellant for said first intervenors was not made until March 16th, after the time for appealing had expired, and that the court had no jurisdiction to make such order; (5) that the evidence on which the decree was rendered is not presented in this court; (6) that the decree was entered on verbal stipulations of fact which were not made a part of the record, it being understood that no appeal was to be taken.

Ira Bronson and D. B. Trefethen, for appellant.

B. S. Grosscup (Lorenzo B. B. Sawyer, of counsel), for intervening appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after making the foregoing statement of the facts, delivered the opinion of the court.

It is contended that the appeal was not taken in due time, for the reason that the order of court substituting the appellant for the first intervenors was not filed with the clerk of the court until March 16th, which was two days after the expiration of the time for appealing. But that order, although it was filed on March 16th, was made on March 13th, and on that day it was served on the appellees. We cannot see that its validity was affected by the fact that it was not filed with the clerk until the 16th.

Should the appeal be dismissed for the reason that the notice of appeal was served on the appellees only, and not on the first intervenors? The petition upon which the order of substitution was made, presented to the District Court the fact that certain of the first intervenors had assigned their interests to the appellant, and that the remainder, while they had not executed an assignment, had, for an agreed consideration, which consideration was thereafter duly tendered them, agreed to assign their interests, and had through their attorneys telegraphed the appellant as follows:

"Re subrogation Kingston. We cannot sign document presented to-day. Will only sign document referring specifically to subrogation and right of appeal."

The petition alleged, further, that the said remaining intervenors "have at all times agreed to transfer their interest in the subject-matter of the litigations herein referred to to your petitioner." The petiton shows, in brief, that as to those of the first intervenors which had not made an actual assignment to the appellant, an understanding had been reached with the appellant, whereby he was to represent them on the appeal. They had declined, it is true, to sign the transfer which had been presented to them, but they expressed their willingness to sign a document which would authorize the appellant to represent them on the appeal. We think they are therefore represented by the appellant. They do not appear denying such rep-

resentation, or questioning the authority of the court to proceed with the appeal. The trial court found the petition sufficient to sustain its order of substitution, and no motion was made in that court to set the order aside.

It is not ground for dismissal of the appeal that the evidence on which the decree was rendered is not presented to this court. The motion to dismiss calls in question the jurisdiction of this court to deal with the subject-matter of the appeal. The only questions we can consider must relate to the issue whether the appeal was properly taken and perfected. We find no ground for its dismissal.

The motion is denied.